1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

7   F. MICHAEL McCLANNAHAN,                    Case No. 2:18-cv-00611-APG-CWH

8                    Plaintiff,

9            v.                                **SCREENING ORDER AND**
                                               **REPORT AND RECOMMENDATION**
10   NEVADA STATE BANK,

11                    Defendant.

12

13          Pro se plaintiff F. Michael McClannahan brings this case based on a dispute with

14   defendant Nevada State Bank regarding cashier's checks.  McClannahan submitted the affidavit

15   required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for

16   them.  Accordingly, the court will grant his request to proceed *in forma pauperis*.  The court now

17   screens his complaint.

18   **I.     ANALYSIS**

19          **A.  Screening standard**

20          Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

21   under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable

22   claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may

23   be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

24   1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

25   failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668

26   F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient

27   factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See*

28   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and

1   may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in

2   support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908

3   (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

4          In considering whether the complaint is sufficient to state a claim, all allegations of

5   material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

6   *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

7   Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

8   must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

9   544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

10  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

11  plaintiff should be given leave to amend the complaint with notice regarding the complaint's

12  deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

13         **B. Screening the complaint**

14         McClannahan alleges he has been a customer of defendant Nevada State Bank for more

15  than 30 years. (Attachment to Compl. (ECF No. 3).) According to McClannahan, he purchased

16  three cashier's checks totaling $30,000 from the bank. (*Id.*) He subsequently misplaced the

17  checks and therefore stopped payment on the checks. (*Id.*) According to McClannahan, the bank

18  advised him there would be a waiting period before reimbursement. (*Id.*) McClannahan forgot

19  about the issue and "much later" found the checks tucked away inside his phone book. (*Id.*) He

20  took the checks to the bank to cash them or have them replaced, and the bank indicated research

21  would be required. (*Id.*) Eventually, the bank notified McClannahan that it had located the stop

22  payment order but could not locate a record of re-issued checks. (*Id.*) Given that it could not

23  verify the disposition of the checks, the bank declined to reimburse McClannahan. (*Id.*)

24  McClannahan now brings this action seeking reimbursement for the checks. (*Id.*) He alleges the

25  basis for the court's jurisdiction is federal question jurisdiction, citing Nevada Revised Statutes

26  §§ 104.3411 and 104.3412 as well as UCC 3-411. (Compl. (ECF No. 1-1) at 3.) McClannahan

27  does not state when this incident with the bank occurred.

28

1      *1. Jurisdiction*

2          "Federal district courts are courts of limited jurisdiction, possessing only that power

3   authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d

4   1024, 1027 (9th Cir. 2011) (quotation omitted).  Federal district courts "have original jurisdiction

5   of all civil actions arising under the Constitution, laws, or treaties of the United States."  28

6   U.S.C. § 1331.  Federal district courts have original jurisdiction over civil actions in diversity

7   cases "where the matter in controversy exceeds the sum or value of $75,000" and where the

8   matter is between "citizens of different States."  28 U.S.C. § 1332(a).  "Section 1332 requires

9   complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than

10  each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

11  Federal courts have the jurisdiction to determine their own jurisdiction.  *Special Investments, Inc.*

12  *v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004).  A court may raise the question of subject-

13  matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter

14  jurisdiction.  *Id.*; Fed. R. Civ. P. 12(h)(3).

15         Here, McClannahan does not allege facts invoking the court's jurisdiction.  He alleges

16  only claims based on Nevada state statutes and therefore does not invoke the court's federal

17  question jurisdiction.  Additionally, the amount in controversy is less than $75,000, and

18  McClannahan does not allege the parties' citizenship.  Thus, even liberally construing his

19  complaint, he does not allege facts invoking the court's diversity jurisdiction.  As the party

20  seeking to invoke the court's jurisdiction, McClannahan bears the burden of establishing

21  jurisdiction exists.  *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).  The court therefore

22  will recommend that this case be dismissed for lack of subject-matter jurisdiction, with leave to

23  amend.

24         *2. Amendment*

25         If McClannahan chooses to amend, he must include factual allegations demonstrating that

26  a federal question exists, thereby allowing the court to determine its own jurisdiction.

27  Alternatively, he must include factual allegations demonstrating there is complete diversity of

28  citizenship and more than $75,000 in controversy.  Additionally, McClannahan is advised that if

he files an amended complaint, the original complaint (ECF No. 1-1) and its attachment (ECF No. 3) no longer serve any function in this case. As such, if plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents. Finally, McClannahan is advised he must allege facts regarding the approximate dates of the incident at issue to allow the court to determine whether the incident occurred within the applicable statute of limitations.

## II.     CONCLUSION

IT IS THEREFORE ORDERED that plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file plaintiff's complaint (ECF No. 1-1).

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED with leave to amend.

## III.    NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 10, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE